**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **BRIAN D. SANSONE**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**SPECIALTIES AND PAPER PRODUCTS UNION NO. 527 HEALTH AND WELFARE FUND**<br><br>**And**<br><br>**THE BOARD OF TRUSTEES OF THE SPECIALITES AND PAPER PRODUCTS UNION NO. 527 HEALTH AND WELFARE FUND,**<br><br>**Defendants.** | ) | **Case No.:** |

**COMPLAINT**
**EMPLOYEE RETIREMENT INCOME SECURITY ACT**

COMES NOW Plaintiff Brian D. Sansone, by and through undersigned counsel, pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et. seq., and for his causes of action against Defendants Specialties and Paper Products Union No. 527 Health and Welfare Fund (hereinafter "Fund" or "Plan") and the Board of Trustees of the Specialties and Paper Products Union No. 527 Health and Welfare Fund (hereinafter "Trustees" or "Defendants"), respectfully states the following:

**Introduction**

1. Plaintiff Brian D. Sansone (hereinafter "Plaintiff" or "Mr. Sansone") brings this action against Defendants for damages caused by Defendants' breach of statutory,

contractual, and fiduciary obligations and violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et. seq. ("ERISA").

2. Mr. Sansone seeks recovery and payment of benefits due under an employee welfare benefit plan, equitable relief requiring a full and fair review, production of the claim file, and costs and attorney's fees associated with this action, as provided by ERISA.

3. This is an action brought pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331. Under 29 U.S.C. § 1132(f), the Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

4. Venue is proper in this District pursuant to 29 U.S.C. § 1132(e)(2), in that Plaintiff resides in this District, the subject employee welfare benefit plan provided benefits in this District, the breaches of duty alleged occurred in this District, and Defendants may be found in this District for purposes of this action.

**Parties**

5. Mr. Sansone is an individual residing in the Eastern District of Missouri. During the relevant period, he was a participant in the Plan through his employment with Quest Graphics.

6. Mr. Sansone has standing to bring this action as a participant under 29 U.S.C. § 1132(a).

7. The Fund is an employee welfare benefit plan within the meaning of 29 U.S.C. § 1002(1), and may be sued as an entity under 29 U.S.C. § 1132(d)(1). The Plan's records identify its address as P.O. Box 641, Mableton, Georgia 30126.

8. The Trustees serve as the Plan Administrator and are responsible for administration of the Fund and adjudication of benefit claims and appeals.

9. The Trustees exercised discretionary authority and control over administration of the Plan and Plaintiff's claim and are fiduciaries within the meaning of 29 U.S.C. § 1002(21)(A).

10. The Plan's Summary Plan Document identifies the Trustees as the Plan Administrator and identifies Debra Bailey as the Fund Administrator and Administrative Manager responsible for day-to-day Fund administration.

## Facts

11. At all relevant times, Mr. Sansone was an eligible Plan participant and entitled to health benefits according to the terms of the Plan.

12. Mr. Sansone sought treatment for persistent right shoulder pain. His treating orthopedic providers diagnosed him with right glenohumeral osteoarthritis.

13. The medical records document that Mr. Sansone's right shoulder pain began years earlier and progressively worsened.

14. The medical records further document that Mr. Sansone denied any injury or inciting event causing his shoulder condition.

15. Mr. Sansone underwent a right shoulder hemiarthroplasty on March 13, 2025, after conservative treatment had failed.

16. The claims at issue include the shoulder surgery and related care, as well as diagnostic and orthopedic services incurred on or about August 8, 2024; February 17, 2025; February 28, 2025; and March 13, 2025.

17. There is no medical evidence identifying a work accident, occupational injury, workers' compensation claim, or medical opinion that Mr. Sansone's right shoulder condition was caused by his employment.

18. Certain medical records describe Mr. Sansone as a manual laborer or note that he worked at a printing company. Those descriptions do not constitute medical evidence that his shoulder condition was caused by work or that workers' compensation was responsible for the claimed treatment.

19. On April 21, 2025, Mr. Sansone submitted a first-level appeal challenging the denial of his claims.

20. Mr. Sansone explained in his appeal that he was Manager of the Sheeting Department, scheduled work, ordered paper, and loaded or unloaded trucks only when needed.

21. Mr. Sansone disputed that his job duties involved repetitive arm movement on a daily basis.

22. On May 30, 2025, the Fund Administrator advised Mr. Sansone that the Trustees were concerned that osteoarthritis could result from wear and tear, noted medical-record references to manual labor, and requested that Mr. Sansone execute a Subrogation and Reimbursement Agreement before the Fund would pay the previously denied claims.

23. The proposed Subrogation and Reimbursement Agreement was premised on a supposed condition sustained under circumstances creating legal liability by a third party and sought reimbursement if the condition were considered workers' compensation.

24. Defendants required that Mr. Sansone and an attorney sign the Agreement even though Mr. Sansone had not identified a third-party tortfeasor or conceded that his shoulder condition was work related.

25. On June 23, 2025, Mr. Sansone expressly advised the Fund Administrator that his shoulder condition was not a workers' compensation case.

26. By letter dated July 16, 2025, the Trustees denied Mr. Sansone's first-level appeal.

27. The first-level denial referenced Mr. Sansone's remote prior shoulder surgery, questions concerning glenoid and humeral-head deformities, the absence of records from a different provider, and the difference between his job description and notations that he was a manual laborer.

28. The first-level denial did not identify medical evidence establishing that Mr. Sansone's shoulder condition was work related or covered by workers' compensation.

29. Mr. Sansone timely pursued a second-level appeal dated August 11, 2025.

30. In an October 13, 2025, second-level appeal determination, the Trustees upheld the denial of Mr. Sansone's claims.

31. The Trustees stated that they sent Mr. Sansone's appeal and medical records to another insurance carrier, asked that carrier whether it would pay the claims, and adopted that carrier's negative response.

32. The second-level denial acknowledged that Defendants did not question the medical necessity of Mr. Sansone's shoulder surgery.

33. Instead, Defendants required Mr. Sansone to explain the cause of his remote prior surgery and shoulder deformities and relied on the outside carrier's speculation about the absence of a documented arthritis history and the course of care.

34. The second-level determination did not identify any treating-provider opinion or other medical evidence that Mr. Sansone suffered a work injury, that workers' compensation was responsible for his treatment, or that a Plan exclusion applied.

35. Mr. Sansone exhausted the Plan's administrative remedies.

36. After Mr. Sansone retained Davis Olszeski, LLP, Plaintiff, through counsel, made a written request to the Plan Administrator for the complete claim file and the documents, records, reports, and other information relevant to the denial and appeals.

37. The requested claim file includes documents and records considered in making the adverse benefit determinations; the identity, reports, communications, and opinions of the outside reviewer or insurance carrier; Plan documents governing the claim; and communications concerning Plaintiff's claim and appeals.

38. The Plan Administrator did not produce the requested claim file or the governing plan instruments.

39. Defendants' failure to produce the claim file has prevented Mr. Sansone from obtaining the complete administrative record, evaluating the actual bases for the denial, and meaningfully testing the propriety of Defendants' decision-making process.

**COUNT I**
**Wrongful Denial of Benefits pursuant to 29 U.S.C. § 1132(a)(1)(B)**

40. Mr. Sansone incorporates by reference all allegations set forth in paragraphs 1-39 as if fully set forth herein.

41. Mr. Sansone is entitled to benefits under the terms of the Plan for his right shoulder treatment, including the March 13, 2025 hemiarthroplasty and related covered services.

42. Mr. Sansone has provided medical evidence demonstrating that his right shoulder condition was diagnosed as glenohumeral osteoarthritis and was medically treated by his orthopedic providers.

43. Despite the absence of medical evidence that the condition was caused by work or was subject to workers' compensation, Defendants denied benefits on the grounds that it was a work related injury subject to Workers' Compensation coverage.

44. Defendants' denial was based on speculation, nonmedical assumptions concerning Plaintiff's job duties, and a demand for an unwarranted subrogation agreement, rather than application of the Plan's terms to the medical evidence.

45. Defendants' decision to deny benefits was not supported by substantial evidence.

46. Defendants' denial was arbitrary and capricious and contrary to the terms of the Plan.

47. As a result of Defendants' wrongful denial of benefits, Mr. Sansone has been damaged in the amount of unpaid Plan benefits and related losses. Defendants are required to pay the benefits due under the terms of the Plan, together with prejudgment interest, attorney's fees, and costs.

WHEREFORE, Plaintiff Brian D. Sansone respectfully prays for judgment against Defendants in the amount of unpaid benefits due under the Plan, for prejudgment interest, attorney's fees and costs, and for any other such relief as the Court deems just and proper.

**COUNT II**
**Breach of Fiduciary Duty Pursuant to 29 U.S.C. § 1132(a)(3)**

48. Mr. Sansone incorporates by reference all allegations set forth in paragraphs 1-47 as if fully set forth herein.

49. Mr. Sansone brings this claim to obtain other appropriate equitable relief to redress such violations or to enforce any provisions of ERISA or the terms of the Plan.

50. The Trustees are Plan fiduciaries because they exercise discretionary authority over administration of the Plan and over benefit claims and appeals.

51. Section 29 U.S.C. § 1104 codifies the fiduciary duties that Defendants owe to Plan participants such as Mr. Sansone, including the duties of loyalty and prudence.

52. The duty of loyalty requires that Defendants discharge their duties solely in the interest of Plan participants and beneficiaries and for the exclusive purpose of providing benefits and defraying reasonable expenses of administering the Plan.

53. The duty of prudence requires that Defendants act with the care, skill, prudence, and diligence that a prudent person familiar with such matters would use in like circumstances.

54. 29 C.F.R. § 2560.503-1 codifies the claims procedures required in ERISA-governed plans to guarantee that plan administrators fulfill their fiduciary duties and provide a full and fair review of claims.

55. Defendants failed to adequately implement claims procedures that complied with 29 C.F.R. § 2560.503-1 and, as a result, breached the fiduciary duties they owed Mr. Sansone, in the following, but not limited to, ways:

a. Failed to conduct a prudent and impartial review of the medical evidence before treating the claim as potentially subject to workers' compensation.

b. Required Mr. Sansone to execute a subrogation and reimbursement agreement based on unsubstantiated third-party or workers' compensation liability.

c. Relied on speculation about the cause of Mr. Sansone's condition, remote prior surgery, and generalized job descriptions rather than medical evidence.

d. Obtained and relied upon an outside insurance carrier's review without providing Mr. Sansone a meaningful opportunity to review and respond to the material, conclusions, and communications that informed the denial.

e. Failed to produce the claim file and other relevant information requested by Plaintiff's counsel.

f. Failed to provide a full and fair review of Mr. Sansone's claim and appeals.

g. Failed to administer Mr. Sansone's claim and appeals solely in his interest and for the purpose of providing benefits due under the Plan.

56. The above breaches are the byproduct of a claims-review process that was not compliant with 29 C.F.R. § 2560.503-1 and that permitted Defendants to deny benefits without medical evidence supporting a workers' compensation or work-related exclusion.

57. The breaches were also the byproduct of Defendants' arbitrary and inconsistent application of Plan provisions to the detriment of Mr. Sansone.

58. As a result of Defendants' breaches of the fiduciary duties of loyalty and prudence owed to Mr. Sansone under ERISA, he suffered actual harm because he was denied benefits to which he was entitled, deprived of a full and fair claims process, incurred attorneys' fees and costs, and suffered other financial losses.

59. Defendants breached their fiduciary duties under ERISA § 404, 29 U.S.C. § 1104, insofar as they failed to discharge their duties in handling Mr. Sansone's benefit claims in a careful, skillful, prudent, and diligent manner.

WHEREFORE, Plaintiff Brian D. Sansone respectfully prays that this Court:

A. Grant judgment in his favor and against Defendants on all claims;

B. Order that Defendants provide the complete claim file and all documents, records, communications, reports, and information relevant to Plaintiff's claims and appeals;

C. Declare Plaintiff's rights under the terms of the Plan and clarify his rights to future benefits under the terms of the Plan;

D. Enjoin Defendants to provide a procedure for a full and fair review of adverse determinations under the Plan in accordance with 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1;

E. Enjoin Defendants to discharge their fiduciary duties in accordance with 29 U.S.C. § 1104;

F. Order appropriate equitable relief, including restitution or surcharge, to make Plaintiff whole for losses resulting from Defendants' breaches of fiduciary duty to the extent such injuries are not remedied through Count I;

G. Order that Defendants pay the costs of suit, including Plaintiff's attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and

H. Award all such other and further relief as this Court deems just and proper.

**Respectfully submitted,**

**DAVIS OLSZESKI, L.L.P.**

*/s/ Adam J. Olszeski*

Matthew R. Davis #MO58205
Adam J. Olszeski #MO66126
2704 Locust St., Ste 202
St. Louis, MO 63103
P: (314) 876-776
F: (314) 876-7877
matt@dodisabilitylaw.com
adam@dodisabilitylaw.com